IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| WILLIE GRIFFIN, JR., | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | Case No. CIV-11-476-D |
|  | ) |  |
| WARDEN KESSLER, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

# REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se and currently confined, has filed a petition pursuant to 28 U.S.C. § 2241, challenging the legality of his confinement. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In accordance with Rule 4, Rules Governing Section 2254 Cases, the Petition, which incorporates a Memorandum of Law, has been examined, and for the reasons set forth hereafter, the undersigned recommends that the Petition be dismissed on filing.

On September 15, 1999, Petitioner was convicted in the Northern District of Florida, Case No. 3:99-CR-46-01-RV, for conspiracy to possess with intent to distribute cocaine and cocaine base and sentenced to 252 months imprisonment. (Pet. 1.) On direct appeal, the Eleventh Circuit Court of Appeals affirmed the conviction in *United States v. Griffin*, No. 00-10050, 253 F.3d 709 (11th Cir. Apr. 19, 2001).

Petitioner challenges his conviction, alleging that "21 U.S.C. § 841(b)(1)(C) is not a cocaine base penalty provision by its plain language . . . ." (Pet. 2.)  Before considering the

merits of Petitioner's claims, this Court must first determine whether such claims are properly brought in a habeas action pursuant to 28 U.S.C. § 2241 before this Court or whether his exclusive remedy lies in a proceeding pursuant to 28 U.S.C. § 2255 in the District Court for the Northern District of Florida where he was convicted and sentenced.

Habeas petitions filed pursuant to § 2241 and motions filed pursuant to § 2255 serve different and distinct purposes. A motion pursuant to § 2255 "attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citations omitted). Such motions "are used to collaterally attack the validity of a conviction and sentence . . . ." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). In contrast, "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw*, 86 F.3d at 166. A petition under § 2241 "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)). Because Petitioner is clearly challenging the validity of his conviction by asserting that he was convicted of a non-existent federal offense, his claim must be brought pursuant 28 U.S.C. § 2255 in the court where he was convicted unless Petitioner can show that the "savings clause" of § 2255 is applicable:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant

> has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**

28 U.S.C. § 2255(e) (emphasis added).

"Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances." *Caravalho*, 177 F.3d at 1178. The relevant measure of inadequacy or ineffectiveness is "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). "If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." *Id.* Therefore, "the clause is concerned with process – ensuring the petitioner an opportunity to bring his argument – not with substance – guaranteeing nothing about what the opportunity promised will ultimately yield in terms of relief." *Id.* The *Prost* Court gave examples of when resort to § 2241 is appropriate: when the sentencing court has been abolished, as in *Spaulding v. Taylor*, 336 F.2d 192, 192 (10th Cir. 1964), or when a military prisoner seeks to challenge his or her court martial proceedings because the sentencing court "literally dissolves after sentencing . . . ." *Prost*, 636 F.3d at 588.

However, here, Petitioner has failed to state any reason why his remedy under § 2255 is inadequate or ineffective. Because Petitioner has not provided any factual allegations suggesting that a § 2255 motion would be an inadequate or ineffective remedy for his claims, he must proceed under § 2255 in the sentencing court rather than proceeding in this Court

pursuant to § 2241.

Even if Petitioner were to show that a previously filed a § 2255 motion was denied and that he is precluded from filing another such motion, "[t]he fact that the prisoner 'may be barred from filing a second or successive motion pursuant to § 2255 in the sentencing court does not establish that the remedy provided in § 2255 is inadequate or ineffective.'" *Caravalho*, 177 F.3d at 1178 (internal quotation marks omitted). However, in such circumstances, several circuits have held that a prisoner may invoke § 2255's savings clause and seek relief under § 2241 if he can establish that he is actually innocent of the crime for which he was convicted. *Prevatte v. Gunja*, No. 05-1332, 167 Fed. Appx. 39, 43 (10th Cir. Feb. 13, 2006) (recognizing that the Tenth Circuit had not yet addressed the issue and citing *Winfield v. Ray*, No. 02-3284, 74 Fed. Appx. 850, 851 & n.3 (10th Cir. Aug. 12, 2003) as collecting cases addressing this issue). Even assuming the Tenth Circuit would permit a § 2241 petition in such a case, the Petitioner's claim that 21 U.S.C. § 841(b)(1)(C) does not recognize the crime for which he was convicted fails to amount to a claim of actual innocence.

In *Hernandez-Escarsega v. Morris*, No. 01-6370, 43 Fed. Appx. 181, 184 (10th Cir. May 3, 2002), the Court, assuming without deciding that "actual innocence would merit our consideration of his § 2241 petition," found that Mr. Hernandez-Escarsega's claim raised only legal innocence and affirmed the district court's dismissal of his § 2241 petition. *Id.* at 185. In that case, the petitioner argued that he was actually innocent because he was not convicted of the predicate offenses required to render a guilty verdict on the continuing

4

criminal enterprise count. *Id.* The Court recognized that other circuits have allowed a "federal prisoner who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence" to bring a § 2241 action, where "the possibility of relief under § 2255 is foreclosed." *Id.* (quoting *Lorentson v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000)). However, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 184 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). "The core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Id.* (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001)). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

In support of his claim of innocence, Petitioner argues that "21 U.S.C. § 841(b)(1)(C) is not a cocaine base penalty provision by its plain language . . . ." (Pet. 2.) He contends that he is "actually innocent of the charged offense . . . [because of] his conviction for a non-existent federal offense, namely, a drug offense which involves less than 5 grams of cocaine base." (Pet. 3.) Petitioner claims further that he "was not indicted for a drug quantity [and] therefore, the indictment is defective . . . when there is no federal statute that penalizes a cocaine base offense involving less than 5 grams of cocaine which is found to be in a base form." *Id.* These arguments raise a claim of legal innocence to the penalty assessed rather than actual innocence of the charged offense. Petitioner does not contend that he was innocent of conspiracy to possess with intent to distribute cocaine. 21 U.S.C. §§ 841(a), 846

(2010).

Petitioner also argues that "his state conviction for possession of a controlled substance without a prescription is not a countable offense," and "therefore, it should not be used for enhancement purposes." (Pet. 5.) However, the Tenth Circuit has specifically held that "[a] claim of actual innocence with respect to a noncapital sentence enhancement, rather than an underlying crime, does not come within the scope of § 2255's savings clause." *Collins v. Ledezma*, No. 10-6126, 400 Fed. Appx. 375, 376 (10th Cir. Oct. 29, 2010) (citing *Sines v. Wilner*, 609 F.3d 1070, 1072-73 (10th Cir. 2010)). The Court in *Collins* also noted the Tenth Circuit's holding in an abuse-of-writ context that "claimed innocence of an enhancement charge rather than of an underlying crime is not a claim of actual innocence that would implicate § 2254's miscarriage of justice exception because an enhancement 'does not set out elements of an independent criminal offense[.]'" *Collins*, 400 Fed. Appx. at 376 (quoting *Reid v. Oklahoma*, 101 F.3d 628, 630 (10th Cir. 1996)).

Petitioner has therefore failed to demonstrate that § 2255 provides an inadequate or ineffective remedy for testing the legality of his detention, and he is precluded from challenging the legality of his detention in a § 2241 petition.

## RECOMMENDATION

For these reasons, it is recommended that the petition seeking habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed. Petitioner is advised that he may file an objection to this Report and Recommendation with the Clerk of this Court on or before the 11th day of July, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Failure to make timely

objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Court Clerk is directed to mail a copy of this Report and Recommendation to the United States Attorney for the Western District of Oklahoma on behalf of the Respondent for informational purposes.

This Report and Recommendation terminates the referral of this matter to the undersigned.

Entered this 21st day of June, 2011.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE